**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALEXANDER WHALEN, | No. 09-35711 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-01887-ST |
| v. | |
| MICHAEL J. ASTRUE, Commissioner Social Security Administration, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted May 7, 2010[**]
Portland, Oregon

Before: KLEINFELD, BEA and IKUTA, Circuit Judges.

Alexander Whalen appeals the district court's order affirming the

Commissioner's decision to deny Whalen social security disability benefits.

Whalen suffers from severe post-traumatic stress disorder ("PTSD") and non-

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

severe coronary artery disease. The Administrative Law Judge ("ALJ") accepted Whalen suffered PTSD, but found Whalen suffered only "moderate limitations" as a result of his condition. The ALJ denied Whalen benefits based on the testimony of a vocational expert who stated Whalen could find a job if he suffered only moderate limitations.

The ALJ's finding that Whalen suffered only "moderate limitations" is not supported by substantial evidence. The ALJ's finding contradicts the medical opinion of the nonexamining medical consultant selected by the ALJ, who testified Whalen suffered from "marked limitations" in "concentration, persistence, or pace." The nonexamining medical consultant's opinion was consistent with all the medical opinion evidence in the record.

The ALJ rejected the nonexamining medical consultant's opinion based on the ALJ's findings regarding Whalen's past activities, including attending community college and volunteering as a handyman for elderly members of his church. The ALJ did not identify any evidence the nonexamining medical consultant did not consider. However, the ALJ's interpretation of the evidence was incorrect. Whalen was not attending community college; he had dropped out of community college before completing a semester or a single class. The record

shows also Whalen engaged in volunteer work sporadically and that his volunteer work was not similar to actual employment.

A vocational expert testified that if Whalen had "marked limitations" in concentration, persistence, or pace, he would not be able to maintain employment. The record is therefore fully developed regarding Whalen's residual functional capacity. We remand for payment of benefits only.

**REVERSED AND REMANDED.**

*Whalen v. Astrue*, No. 09-35711

IKUTA, Circuit Judge, dissenting:

Examining physician Dr. Finney's report states that Whalen was self-employed during the period of alleged disability, "painting house interiors, carpentry, and installing carpet." A report by MSW Linda Halleck, based on an interview with Whalen, likewise states that Whalen was self-employed during the relevant period. Furthermore, Whalen's wife testified that Whalen engaged in "a lot of volunteer work" for the church. This statement was corroborated by Whalen's own testimony. Based on this and other evidence, the ALJ discounted Dr. Clayton's testimony that Whalen had a marked limitation in concentration, persistence, or pace. As a non-examining physician, Dr. Clayton based his conclusion solely on a paper review of Whalen's medical records.

We must uphold the ALJ's determination when it is based on substantial evidence, even if we disagree with the ALJ's conclusion. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). "Under this standard, the Commissioner's findings are upheld if supported by inferences reasonably drawn from the record . . . ." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Because the ALJ's specific reasons for rejecting Dr. Clayton's assessment were supported by inferences reasonably drawn from the record, and her decision as a whole was based on substantial evidence, I would affirm.